THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LUIS PIMENTEL CAMACHO, k/a ÁNGEL, Defendant and Appellant.

Nos. CR-63-52, CR-63-53.     Decided October 1, 1963.

134

*Víctor Velasco Gordills* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Defendant appellant José Luis Pimentel Camacho, known as Ángel, was accused of violation of §§ 6 (misdemeanor) and 8 (felony) of the Weapons Law of Puerto Rico (25 L.P.R.A. §§ 416 and 418). In the felony case he was convicted by the jury; and on the same evidence, the Superior Court, San Juan Part, found him guilty of the misdemeanor. He was sentenced to serve from 1 to 3 years in the felony case and 6 months in the other, both sentences to be served concurrently.

On appeal, appellant assigns the commission of five errors by the trial court, which we will discuss below:

1.—That the trial court improperly admitted evidence on the conviction of the defendant for the offense of larceny of use as part of the evidence in the case of carrying weapons.

Witness González Morell testified that on the night of April 20, 1962, he kept his automobile, a Chevrolet Impala,

1951, license plate No. 758-973 in the garage of his residence, and not finding it the next day, he reported the matter to the police and that same day the latter delivered it to him. This evidence was objected to as impertinent and the trial court admitted it subject to its relevancy being subsequently established. Policeman Bauzó testified that on April 21, 1962 at 2:10 a.m. while he was on duty and driving in a jeep with policeman Reyes Maldonado along highway No. 3 of Río Grande, the Chevrolet previously described, driven by the appellant, passed him at great speed; that they reached him on El Yunque highway; that he saw that the appellant drove said automobile; that the latter abandoned it; that inside that vehicle they found a revolver (which he identified in the course of his testimony) near the driver's seat; that he did not see the appellant again until two or three days later, at General Headquarters and then "in the District Court in the case of larceny of use", that is, "by reason of a case of larceny of use: the car, this same car in which he traveled that night, which appeared as the stolen car." Bauzó testified that it was the automobile in which the revolver was found; that appellant pleaded guilty of larceny of use in that case. In regard to this evidence the trial court charged the jury in the following terms:

"Likewise, it has been said that the defendant had pleaded guilty in the district court of an offense of larceny of use in relation to the vehicle which he supposedly drove at the moment he was caught by a police. *That evidence has only been admitted so that you may consider the scope it may have in relation to the admission it entails, that what it entails is an admission in relation to this case that that night he was in that car.* You should not consider it in the sense of conviction for this offense, because that is not the purpose for which it has been offered, but simply, because through it he admits that he had used that car that night and that he had used it without authorization or without the owner's consent, which is what constitutes the offense of larceny of use." (Italics ours.)

The appellant timely adduced that the testimony of González Morell was inadmissible and although said evidence was subject to a show of relevancy, the record does not show whether it was done later during the trial. The appellant also objected to the admission of Bauzó's testimony, to the effect that in the District Court "of San Juan" "by reason of a case of larceny of use . . ." ". . . the defendant pleaded guilty," on the ground that the appellant was accused of a violation of the Weapons Law; "that nothing can be brought here in relation to the same offense, because even though it is part of the same transaction, if it is not to prove motive, condition, etc. . . ." ". . . it is injurious to the interests of the defendant since the carrying of weapons and larceny of use are separate offenses."

[1-4] The rule of law in regard to the admission of other wrongful acts or of the commission of other offenses is well defined in our case law. In *People* v. *Archeval*, 74 P.R.R. 478, 482 (1953), we set it forth as follows:

"The general rule is to the effect that in criminal prosecutions the defendant may not be tried for any offense other than that charged in the information and that, therefore, evidence of other offenses committed by the defendant is inadmissible. *People* v. *Rodríguez*, 66 P.R.R. 302. By exception, evidence of other offenses is admissible when the former offense is a material fact to establish the commission of the crime charged, or when it is a part of the *res gestae* or when said evidence is presented to show motive, intent, premeditation, malice or a common plan, or when both offenses form part of the same transaction. *People* v. *Román*, 70 P.R.R. 48; *People* v. *Rodríguez, supra; People* v. *Pérez*, 47 P.R.R. 724."

Its application has not been an easy task. *People* v. *Aponte*, 83 P.R.R. 491, 500 (1961); *People* v. *García*, 78 P.R.R. 379 (1955); *People* v. *Román*, 70 P.R.R. 48 (1949); *People* v. *Rodríguez*, 66 P.R.R. 302 (1946); *People* v. *Pérez*, 47 P.R.R. 724 (1934); *People* v. *Juarbe*, 43 P.R.R. 428 (1932). Evidence of other offenses may be admitted with extreme cau-

tion and if their connection with the offense charged is not clearly perceived, the doubt is to be resolved in favor of the accused, instead of suffering the minds of the jurors to be prejudiced by an independent fact, carrying with it no proper evidence of defendant's guilt of the offense for which he is being tried. *People* v. *Peete*, 28 C.2d 306, 316 (1946) ; *People* v. *Albertson*, 23 C.2d 550, 577 (1944). Evidence of prior offenses must be so related in time, place, and circumstances to the offense charged as to have substantial probative value in determining defendant's criminal responsibility. *People* v. *Formato*, 286 App. Div. 357, 143 N.Y.S.2d 205, aff'd, 132 N.E.2d 894 (N.Y. 1956). In *State* v. *Little*, 350 P.2d 756 (Ariz. 1960), it was decided that in an action of unlawful sale of narcotics evidence of two sales made a month before, one of which was to the same person to whom the sale which gave rise to said action was made, and which were made in secret, to prove a plan which encompassed the three sales was inadmissible for said facts were not sufficient to imply the existence of a plan which included the three sales; that it was not shown that the narcotics in each sale were originally part of a single quantity which defendant was planning to subdivide and which he subsequently did in order to sell it or that a planned relation existed between such sales. See Annotation, 86 A.L.R.2d 1132 (1962). In *Mason* v. *State*, 66 So.2d 557 (Ala. 1953), it was held that evidence of other robberies committed by defendant was inadmissible, in a proceeding of robbery against him, for no relation was shown to exist between the other robberies and the one which gave rise to the proceeding under consideration, not being admissible either proof of the intention or motive for stealing in this case or as part of a common plan, nor was it part of the *res gestae*. See, Annotation, 42 A.L.R.2d 854 (1955).

In the case at bar the direct evidence of the felony charged was sufficient to establish appellant's guilt, for it

having been proved that a revolver was seized inside a vehicle driven by the appellant, two presumptions arose: (a) unlawful carrying, which defendant was entitled to overcome by proving, if possible, that he had a license to carry it. *People* v. *Oquendo*, 79 P.R.R. 511, 518 (1956); *People* v. *Segarra*, 77 P.R.R. 696 (1954); and (b) the presence of the weapons in a vehicle . . . is prima facie evidence of their unlawful possession. Section 14 of the Weapons Law (25 L.P.R.A. § 424).

The testimony of the owner of the vehicle to the effect that he did not find it in his garage in the morning, reported the matter to the police, and then they delivered it to him, is immaterial and irrelevant for it was part of the evidence of the offense of larceny of use, evidence which was not admissible in this case as we shall show further on. The testimony as to defendant's guilt for the offense of larceny of use was not admissible for it did not constitute material evidence to establish the commission of the offense of carrying weapons or that it was part of the *res gestae* thereof, or that it showed the motive, intention, premeditation in the commission thereof, or malice or common plan, nor was it part of the same transaction although the facts of both offenses arose almost coetaneously and the same vehicle was involved in both. The instruction to the effect that the testimony as to the guilt of the offense of larceny of use leads to the admission that on the night of the events the defendant was in the vehicle, is clearly erroneous.

■ But the defense waived its objection to the admission of all the evidence related in the preceding paragraph when it asked witness Bauzó himself what occurred in the case of larceny of use of the vehicle in which defendant was traveling. Then the latter answered that defendant pleaded guilty, the defense stated: "Well, that defendant pleaded guilty in this case." Then he asked Bauzó of what, and he answered: "Of larceny of use. Of stealing the car Chevrolet

758-973 the night of the events." *People* v. *Beltrán*, 73 P.R.R. 466 (1952); *People* v. *Castro*, 72 P.R.R. 92, 95 (1951). The instruction of the trial court in regard to this evidence was not objected to by the defense. Therefore, it should be understood that he waived any error on it. *People* v. *Negrón*, 79 P.R.R. 279, 286 (1956); *People* v. *Lampón*, 78 P.R.R. 102, 110 (1955).

■ 2 and 3.—The second and third errors refer to a comment made by the trial judge that certain statement of a witness has no importance and the instruction that the presence of a revolver in a vehicle is prima facie evidence of its unlawful possession by all the persons in the vehicle. Neither the comment nor the instruction were objected to by the defense. Therefore, we shall also understand that appellant waived any error in such actions of the trial court. *Beltrán, supra, Lampón, supra.*

■ 4.—The appellant assigns as error that the trial court did not give sufficient instructions on the presumption of innocence. But he does not discuss or support this assignment in his brief. We have examined the instructions and we think it is substantially correct.

5.—Finally, the appellant assigns that "The People of Puerto Rico did not prove the corpus delicti, since it did not present evidence of defendant's domicile or residence."

■ We said in *Oquendo, supra,* that every information under § 8 of the Weapons Law (25 L.P.R.A. § 418) shall allege, pursuant to § 21 of said Act (25 L.P.R.A. § 431), in a case like the one at bar, as it was alleged, that appellant "was bearing, carrying and transporting a loaded revolver, without having a license to carry weapons issued therefor by the Superior Court of Puerto Rico, San Juan Part, which is the part to which defendant's domicile corresponds." But as we said in *Oquendo, supra,* and in *Segarra, supra,* although it is a requirement to inform defendant

that he carried the weapon without license, as soon as the carrying of said weapon was proved, the presumption of unlawful carrying which defendant is entitled to overcome arises, for example, by proving, if possible, that he had the required license. In the case of the information, under § 6 of the Weapons Law (25 L.P.R.A. § 416), the possession of the weapon shall only be alleged without previously obtaining the license issued by the Chief of Police of Puerto Rico for said possession. So that pursuant to the terms of this provision defendant's domicile need not be alleged, nor proved. Therefore, the error in question was not committed.

For the reasons stated, the judgment will be affirmed.